IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CT-3071-F

| | | |
|---|---|---|
| PHILLIP IRVING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE GEO GROUP, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On May 6, 2010, Phillip Irving, ("Irving" or "plaintiff"), an inmate in the custody of the United States Bureau of Prisons currently incarcerated at Rivers Correctional Institution, filed this action alleging that the Bureau and its Director, Harley Lappin, violated his constitutional rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff also alleged various state law claims against the private corporation with whom the Bureau contracts for the management of Rivers, The GEO Group, Inc., and several GEO employees and administrators at Rivers. In short, plaintiff complains about the alleged harmful effects of his involuntary exposure to second and third-hand tobacco smoke while incarcerated at Rivers.

On January 14, 2011, the court entered an order [D.E. # 5] passing the complaint through the court's required frivolity review under 28 U.S.C. § 1915(e). On February 24, 2011, the GEO defendants filed their answer [D.E. # 9] to the complaint. On March 29, 2011, the Bureau and Lappin filed a motion to dismiss or, in the alternative, for summary judgment [D.E. # 17] as to

plaintiff's constitutional claim against them.[1] On April 6, 2011, plaintiff filed a motion to appoint counsel [D.E. # 21] and a motion to appoint an expert witness [D.E. # 23]. On April 21, 2011, plaintiff filed a response [D.E. # 26] to the motion for summary judgment, in which he concedes that the Bureau and Lappin are entitled to summary judgment on his constitutional claim. However, plaintiff also sought leave to file an amended complaint, a draft of which he provided with the motion, in which he replaces his constitutional claim with a negligence claim against the Bureau and Lappin pursuant to the Federal Tort Claims Act.

On June 9, 2011, the GEO defendants filed a motion [D.E. # 41] to stay this case pending the court's resolution of the several pending motions described above. On June 30, 2011, the court entered an order [D.E. # 44] granting the motion to stay. On October 26, 2011, plaintiff filed additional materials [D.E. # 45] in support of his motion for leave to amend his complaint. All of these matters are ripe for ruling.

I. The federal defendants' motion for summary judgment.

The Bureau and Lappin argue that the court lacks subject matter jurisdiction over plaintiff's constitutional claim because they are protected by sovereign immunity, that the claim is moot, insofar as plaintiff only requested injunctive relief as to the Bureau and Lappin, due to Rivers' adoption of a comprehensive non-smoking policy, and that plaintiff has failed to allege any act by the Bureau or Lappin which violated his constitutional rights.

---

[1] Because the Bureau and Lappin attached to their motion to dismiss materials that are outside the scope of the pleadings, the court construed the motion as one requesting summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff about the motion, the consequences of failing to respond, and the response deadline. See Rule 56 Letter [D.E. # 19].

2

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). A "material" fact is identified by the substantive law, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not simply rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248-49, but instead "must come forward with specific facts showing that there is a *genuine issue for trial.*" Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original and quotation omitted).

In determining whether a genuine issue of material fact exists for trial, a court views the facts and reasonable inferences drawn from the parties' submissions in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 249-250 (citations omitted) ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."); id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . .").

In his response to the motion, plaintiff "concede[s] that his claim for injunctive relief for the BOP's and Lappin's Eighth Amendment violation is now moot, because smoking has been prohibited at [Rivers] since November 1, 2010. . . . As Irving is currently housed in a private prison where smoking is not allowed, summary judgment in the Defendants' favor on his Eighth

3

Amendment claim should be granted, and that claim should be dismissed without prejudice . . . ." Pl.'s Resp. [D.E. # 26] 3-4. Thus, there is no genuine issue of material fact concerning plaintiff's constitutional claim against the Bureau and Lappin, and defendants are entitled to summary judgment on that claim. Accordingly, plaintiff's constitutional claim is due to be dismissed.

II.     Plaintiff's motion to amend his complaint.

Plaintiff requests leave of the court to file an amended complaint "in order to replace his Eighth Amendment claim with a claim against Defendants BOP and Lappin for negligence under the Federal Tort Claims Act ("FTCA"), based on North Carolina law." Pl.'s Resp. 4. The Bureau and Lappin "concede that [plaintiff] may amend his Complaint within twenty-one days of the filing of a Rule 12 Motion similar to the one they filed[,]" and that plaintiff's motion complies "with Rule 15 of the Federal Rules of Civil Procedure." Defs.' Resp. [D.E. # 40]. However, the Bureau and Lappin stress that they do not agree with the allegations of plaintiff's proposed second amended complaint and they therefore "reserve the right to respond to those allegations if plaintiff files an Amended Complaint." Id. Accordingly, the court finds that plaintiff's motion for leave to amend his complaint is due to be granted and that the Bureau and Lappin shall answer the amended complaint or otherwise file a responsive pleading pursuant to Fed. R. Civ. P. 15(a)(3).

III.    Plaintiff's motion to appoint counsel.

Plaintiff has filed a motion requesting the appointment of counsel, contending that the issues raised by his complaint are complex and that he "lacks the ability and financial resources to fully investigate the relevant facts, as he is an inmate in Defendants' custody and has limited rights to obtain and possess the relevant documents and other evidence." Pl.'s Mot. to Appnt. Counsel [D.E. # 21] 1. Plaintiff also contends that appointment of counsel is required because he fears that
4

Amendment claim should be granted, and that claim should be dismissed without prejudice . . . ." Pl.'s Resp. [D.E. # 26] 3-4. Thus, there is no genuine issue of material fact concerning plaintiff's constitutional claim against the Bureau and Lappin, and defendants are entitled to summary judgment on that claim. Accordingly, plaintiff's constitutional claim is due to be dismissed.

II.     Plaintiff's motion to amend his complaint.

Plaintiff requests leave of the court to file an amended complaint "in order to replace his Eighth Amendment claim with a claim against Defendants BOP and Lappin for negligence under the Federal Tort Claims Act ("FTCA"), based on North Carolina law." Pl.'s Resp. 4. The Bureau and Lappin "concede that [plaintiff] may amend his Complaint within twenty-one days of the filing of a Rule 12 Motion similar to the one they filed[,]" and that plaintiff's motion complies "with Rule 15 of the Federal Rules of Civil Procedure." Defs.' Resp. [D.E. # 40]. However, the Bureau and Lappin stress that they do not agree with the allegations of plaintiff's proposed second amended complaint and they therefore "reserve the right to respond to those allegations if plaintiff files an Amended Complaint." Id. Accordingly, the court finds that plaintiff's motion for leave to amend his complaint is due to be granted and that the Bureau and Lappin shall answer the amended complaint or otherwise file a responsive pleading pursuant to Fed. R. Civ. P. 15(a)(3).

III.    Plaintiff's motion to appoint counsel.

Plaintiff has filed a motion requesting the appointment of counsel, contending that the issues raised by his complaint are complex and that he "lacks the ability and financial resources to fully investigate the relevant facts, as he is an inmate in Defendants' custody and has limited rights to obtain and possess the relevant documents and other evidence." Pl.'s Mot. to Appnt. Counsel [D.E. # 21] 1. Plaintiff also contends that appointment of counsel is required because he fears that

defendants may seek to limit his access to this court as retaliation for his filing of this action. Id. at 3. This fear is based upon defendants' alleged conduct respecting another inmate who has filed similar claims against these defendants in Phillip v. GEO Group, Inc., et al., No. 5:09-ct-3115-FL. Pet'r's Mem. [D.E. # 22] 2-3. Plaintiff further contends that this court should appoint counsel because the plaintiff in Phillip was appointed counsel by the presiding judge, the Honorable Louise W. Flanagan, in that case. Pl.'s Reply [D.E. # 36] at 2. Indeed, plaintiff expressly requests appointment of the same counsel, North Carolina Prisoner Legal Services ("NCPLS"), which Judge Flanagan appointed in Phillip. Id. at 3. The GEO defendants oppose appointment of counsel for plaintiff. See Defs.' Resp. [D.E. # 30] 2.

Defendants correctly argue that there is no general constitutional right to counsel in civil cases. Furthermore, while § 1915(e)(1) authorizes the court to "request an attorney to represent any person unable to afford counsel," a court should exercise such discretion "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). In particular, "[a]ppointment of counsel is proper '[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it' or some other exceptional circumstance is present." Zuniga v. Miller, 2012 WL 2354464, *1 (4th Cir. June 21, 2012) (unpublished decision) (quoting Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). However, as discussed in Gordon, "the capacity to present" a given claim is judged by whether the claim is "pleaded sufficiently," not necessarily whether the inmate has the unfettered

5

ability to duplicate the sort of research and investigation that a trained attorney can provide. Gordon, 574 F.2d at 1153 n.3. In addition to his preparation of clear and sufficient pleadings, an inmate litigant may demonstrate his ability to "adequately present his case" by his filing of "numerous and lengthy motions and exhibits." Harden v. Greene, 27 F. App'x 173, 175 (4th Cir. 2001).

The court finds that, considering the nature of the claims presented and plaintiff's demonstrated ability to articulate his claims clearly and concisely, there are no exceptional circumstances warranting the appointment of counsel at this time. Plaintiff argues that his case will require "the compilation, interpretation and presentation of highly complex medical, scientific and technical evidence regarding Irving's current and future medical condition, his current and future injuries resulting from inhalation of second hand smoke as well as the required diagnostic testing of Irving to uncover these medical conditions and injuries." Pl.'s Mem. 4. However, it is hardly exceptional in the court's experience to be confronted with an inmate alleging that he has suffered medically or experienced health consequences due to the conduct of his custodians and that various medical or scientific records will bear out his claims. Thus, plaintiff does not surmount the "exceptional circumstances" requirement merely by asserting that his case involves "complex medical, scientific, or technical evidence."

Nor is it exceptional that counsel was appointed for an arguably similarly situated plaintiff in a case before another judge in this District. The court notes that in that case Judge Flanagan denied the appointment of counsel at least twice before finally appointing NCPLS, on her own motion, after the parties had filed multiple rounds of dispositive motions. Given the posture of this case relative to that when counsel was appointed in Phillip, it remains to be seen whether this case will attain the sort of complexity that Judge Flanagan determined warranted the appointment of

6

counsel in Phillip. Furthermore, NCPLS has contracted with the State of North Carolina to provide such legal services as are required to bring the State in compliance with the requirements of Bounds v. Smith, 430 U.S. 817, 828 (1977). See Fowler v. Lee, 18 F. App'x 164 (4th Cir. 2001); see also Wrenn v. Freeman, 894 F. Supp. 244, 247-48 (E.D.N.C. 1995) ("Pursuant to this court's order, the North Carolina Department of Correction entered into a contract with Legal Services of North Carolina for the provision of attorney assistance to North Carolina inmates. In conjunction with such plan, the North Carolina Department of Correction removed the prison libraries' legal resources, thereby establishing North Carolina Prisoner Legal Services . . . as the sole vehicle by which inmates could receive legal assistance with which to access the [state] courts."). The appointment of NCPLS in Phillip notwithstanding, NCPLS was not created for the purposes of and is not obligated to provide legal services to federal inmates incarcerated at federal facilities in North Carolina. See Standing Order, 90-PLR-4 (outlining NCPLS' function in District's plan for "handling pro se lawsuits filed by North Carolina prison inmates against employees or officials of the North Carolina Department of Correction and arising from the terms and conditions of confinement in the Department of Correction."). Thus, this court simply cannot compel NCPLS–or any other agency or attorney–to accept appointment in this or any other civil lawsuit seeking damages on behalf of federal inmates.

In any event, plaintiff has thus far demonstrated a commendable ability to articulate his claims, to provide supporting documentation where necessary, and to respond to the arguments of defendants. As such, the court finds that plaintiff can adequately present his case and there are no exceptional circumstances warranting the appointment of counsel at this time. Thus, Plaintiff's motion for the appointment of counsel is due to be denied.

7

IV. Plaintiff's motion for the appointment of an expert witness.

The final motion pending this court's consideration is plaintiff's motion for appointment of an expert witness. Plaintiff requests that the court "appoint a neutral expert witness to assist the trier of fact, pursuant to Rule 706 of the Federal Rules of Evidence." Pl.'s Mot. [D.E. # 23] 1. He asserts that such an expert is "required in this case to provide medical, technical and scientific testimony, in the form of an opinion or otherwise, to assist the trier of fact to understand and decide" numerous issues concerning the alleged harmful effects of exposure to secondhand smoke. Id. at 2-3. In addition to this expert's ability to testify about "the effects of second hand smoke, particularly in an enclosed prison setting[,]" plaintiff further asserts that this expert would need to be "qualified to perform a comprehensive medical examination of Irving, utilizing . . . sophisticated scientific techniques . . . to discover and diagnose whether Irving suffers" from any of several different smoking-related maladies. Id. at 3. Plaintiff maintains that he is "unable to find an expert witness on his own. He is indigent, and therefore has no means with which to retain such an expert, who would most likely be a medical doctor whose hourly fee would be in the hundreds of dollars. Inmates at Rivers also have no access to any directories, referral networks, or indeed any information that would allow them to identify contact and retain a qualified expert witness in this case." Id. at 2.

As with his request for appointment of counsel, plaintiff also asserts that appointment of an expert witness is especially justified in this case given Judge Flanagan's remark in her order appointing counsel in Phillip that, "[s]hould NCPLS determine that a medical expert is necessary in this action, it may file a motion for the appointment of a medical expert." See Order 14, Phillip v. GEO Group, Inc., et al., No. 5:09-ct-3115-FL (E.D.N.C. entered Mar. 31, 2011). Although Judge

8

Flanagan rendered this observation in the course of denying Phillip's *pro se* motion for appointment of an expert, plaintiff divines from her remark an implicit finding that appointment of an expert witness is appropriate in that case and would be little more than a formality upon motion by Phillip's appointed counsel. See Pl.'s Reply [D.E. # 37] 2 ("The Court in Phillip would not have made that statement if it were not inclined to grant such a request by NCPLS and appoint an expert for Phillip."). The GEO defendants oppose plaintiff's request for appointment of an expert, arguing that plaintiff's attempt to use F.R.E. 706 is misguided and that his circumstances do not warrant such an appointment at this time. GEO Defs.' Resp. [D.E. # 31] 2-4.

Twenty-eight U.S.C. § 1915, which allows indigent litigants to commence a lawsuit without prepayment of fees and costs and includes the provision authorizing the court to "request" counsel for indigent plaintiffs, "does not authorize federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs." Manning v. Masters, 2012 WL 1431359, *1 (D. Nev. April 25, 2012). Indeed, courts have previously recognized that there is "no statutory authority nor . . . any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages." Boring v. Kozakiewicz, 833 F.2d 468, 474 (8th Cir. 1987). Hence, plaintiff predicates his request on F.R.E. 706(b), which establishes the process by which a court may appoint and apportion the compensation–at the parties' expense–of expert witnesses. "Rule 706 contemplates the appointment of an expert to aid the court," not for purposes of enabling a particular litigant to prove his or her case. Hannah v. United States, 523 F.3d 597, 600-01 (5th Cir. 2008). Moreover, the "discretionary" authority to appoint an expert pursuant to Rule 706 "is to be exercised only under compelling circumstances." United States Marshals Serv. v. Means, 741 F.2d 1053, 1059 (8th Cir. 1984).

9

Plaintiff takes great pains to cast his request for appointment of an expert witness as a straightforward request for a "neutral" expert that will aid the court or a jury in any required factfinding. However, given the utility he envisions for a putative expert, as well as that the basis for his request is his own inability to locate and retain an expert, the substance of his motion makes clear that he seeks an expert to aid in the presentation of his case, not simply to aid the court. Thus, defendants' contention that plaintiff's request is contrary to the policy behind Rule 706 is well taken. Moreover, plaintiff's reliance on Judge Flanagan's remarks in <u>Phillip</u> is unavailing. First, plaintiff takes Judge Flanagan's words out of their full context and unreasonably presumes to know her intent. Judge Flanagan in no way signaled her belief that an expert was required, much less that one would be appointed pursuant to Rule 706. Rather, in the course of denying a *pro se* motion for appointment of an expert, Judge Flanagan simply left open the possibility that appointed counsel could renew plaintiff's motion for appointment after it reviewed his case. Second, in reviewing the docket in <u>Phillip</u>, the court observes that, indeed, appointed counsel in <u>Phillip</u> have not yet filed any motion requesting appointment of an expert more than a year after its appointment. At a minimum, this circumstance seriously undermines plaintiff's reliance on <u>Phillip</u>, if not entirely undercutting his claim that an expert is required.

Finally, the court finds that it is simply premature at this time to determine whether an expert witness will be required to aid the court in its resolution of any issues in this case. There have been no disputed dispositive motions filed in this case and it does not appear that discovery has commenced between the parties. In the event that legitimate, material issues of fact turning on the sort of complex medical, scientific, and technical evidence plaintiff envisions do arise, the court may revisit, on its own motion or upon a renewed motion by plaintiff, whether appointment of an expert

is appropriate in this case. However, at this time plaintiff's motion for appointment of an expert witness is due to be denied.

V.  Conclusion

For all of the foregoing reasons, it is ORDERED as follows:

a.  the Bureau's and Lappin's motion for summary judgment [D.E. # 16] is GRANTED and plaintiff's constitutional claim against those defendants is DISMISSED;

b.  plaintiff's motion for leave to amend his complaint [D.E. # 26] is GRANTED and the proposed amended complaint, provided as an attachment to the motion to amend, shall be docketed as plaintiff's amended complaint;

c.  Defendants Bureau of Prisons and Lappin shall file an answer or other responsive pleadings in compliance with the terms of Fed. R. Civ. P. 15(a)(3);

d.  plaintiff's motion to appoint counsel [D.E. # 21] is DENIED;

e.  plaintiff's motion to appoint an expert witness [D.E. # 23] is DENIED; and

f.  the stay entered by order [D.E. # 44] on June 30, 2011, is hereby LIFTED.

SO ORDERED. This the 31st day of July, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge